**Opinion issued April 23, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NOS. 01-12-00357-CR**
**01-12-00358-CR**
**01-12-00359-CR**

———————————

**AMANDA SALINAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1310368, 1310376, & 1310939**

# O P I N I O N

Amanda Salinas pleaded guilty, without an agreed recommendation on

punishment, to a charge of the third-degree felony offense of injury to an elderly

individual[1] and to two separate charges for the first-degree felony offense of aggravated robbery with a deadly weapon.[2] The trial court ordered the preparation of a presentence investigation report (PSI). After completion of the PSI, the trial court held a sentencing hearing. In addition to receiving the PSI into evidence, the trial court heard testimony from Salinas and her mother. At the conclusion of the hearing, the trial court sentenced Salinas to ten years' imprisonment on the injury-to-an-elderly-individual charge and to fifteen years' imprisonment on each of the aggravated robbery charges, ordering the sentences to run concurrently. Salinas appeals, asserting the trial court violated her due process rights by holding her criminally responsible for an extraneous offense when there is no evidence in the record to support such a conclusion. Finding no error, we affirm.

## Background

On the morning of June 16, 2011, Salinas, her brother, and Quentin Mason were walking home from a convenience store. A van Salinas said was driving too fast came very close to her. She struck the van with her hand, beginning a confrontation with the driver, seventy-year old James Mundo, who got out of the

---

[1] *See* TEX. PEN. CODE ANN. § 22.04 (West Supp. 2012). Trial court number 1310368, appeal number 01-12-00357-CR.

[2] *See* TEX. PEN. CODE ANN. § 29.03 (West 2010). Trial court number 1310376 and appeal number 01-12-00358-CR for aggravated robbery in the McDonald's parking lot. Trial court number 1310939 and appeal number 01-12-00359-CR for aggravated robbery in the auto parts store.

2

van.  Mason told Mundo he had "five seconds to leave," and Mundo tried to get back into the van.  Salinas and Mason were standing so close to Mundo he could not shut the door.  Salinas said Mundo kicked them from inside the van and was trying to get them away from the door.  Salinas grabbed Mundo's legs and began striking him, in response, she says, to Mundo's striking her.  With the confrontation escalating, Mason pulled out a butterfly knife and stabbed Mundo.  Mundo fled in his van, but died a few minutes later, after crashing into the iron fence surrounding a nearby apartment complex.  An autopsy revealed that Mundo died from a stab wound to the femoral artery.

Two days later, Salinas and Mason drove into a McDonald's parking lot, where two young men were eating on the hood of a car.  Salinas greeted them.  One of the men, thinking he must know the people in the other car, began to approach.  Mason pulled a gun and pointed it at the two men who immediately fled on foot.  Salinas then took a wallet containing cash, a debit card, an iPod, and a cell phone from the unattended car.

A few hours later, Salinas and Mason entered an auto parts store.  Mason pulled a gun and demanded money from the sole employee present.  The employee said he did not have any money, and Mason began striking the employee with the handgun.  Salinas then went through his pockets, taking his keys and checkbook.

The employee was able to escape, while Mason chased and threatened to shoot him.

Salinas was charged with injury to an elderly individual for the assault on Mundo and with two counts of aggravated robbery with a deadly weapon for her actions at the McDonald's and the auto parts store, respectively. Salinas pleaded guilty to all three charges, without an agreed recommendation for punishment. The trial court ordered a PSI. Before the sentencing hearing, Salinas filed written objections to the PSI. Salinas objected to the inclusion of a statement from Mundo's daughter because it addressed Mundo's death, which resulted from Mason's stabbing. According to Salinas's objection, the trial court should not consider the fact of Mundo's death because the State had not charged her with Mundo's murder. The trial court overruled the objection on the record at the sentencing hearing. The State asked for a sentence of twenty-five years' imprisonment on each of the aggravated robbery charges, although the range allowed by statute is five to ninety-nine years or life. The State also asked for a sentence of five to ten years' imprisonment on the injury to an elderly individual charge, out of a possible two to ten years. The trial court sentenced Salinas to fifteen years' imprisonment for each of the aggravated robbery charges and ten years' imprisonment for the injury to an elderly charge, ordering the sentences to run concurrently. Salinas appeals.

4

**Analysis**

In her sole issue on appeal, Salinas complains that the trial court improperly held her criminally responsible for causing Mundo's death. She asserts that the trial court erred in considering Mundo's death when sentencing Salinas because she was not charged with his murder and no evidence supports holding her criminally responsible for his death. She argues the trial court's consideration of the fact that Mundo died violated her due process right to "accuracy in sentencing." The State contends that Salinas did not preserve this issue for appellate review. We conclude that, even if Salinas properly preserved the issue, the trial court did not err in considering the fact that Mundo died in assessing Salinas's punishment.

**A.    Applicable Law**

Article 42.12, section 9, of the Code of Criminal Procedure provides, in pertinent part:

> [B]efore the imposition of sentence by a judge in a felony case, . . . the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge.

TEX. CRIM. PROC. CODE ANN. art. 42.12, § 9(a) (West Supp. 2012). Article 37.07 expressly provides that a trial court may consider the PSI report in determining the

punishment to assess. TEX. CRIM. PROC. CODE ANN. art. 37.07 § 3(d) (West Supp. 2012). A PSI does not necessarily have to establish beyond a reasonable doubt that the defendant is responsible for extraneous misconduct before a court may consider it in assessing punishment. *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007). Rather, the PSI need only provide the trial court "with *some* basis from which it can rationally infer that the defendant was responsible before using it to inform its normative judgment of what punishment to assess within the statutorily prescribed range." *Id.* at 759 (emphasis in original). The Court of Criminal Appeals has held that consideration of extraneous misconduct included in a PSI report violates due process "if there was no evidence from any source from which it could be rationally inferred that the defendant had any criminal responsibility for that extraneous misconduct." *Id.* at 764.

**B.    Analysis**

The PSI states that Mundo died from a stab wound inflicted by Salinas's armed companion, Mason, during an altercation that began when Salinas assaulted Mundo. The record also makes clear that the trial court considered the fact of Mundo's death during sentencing. Early in the sentencing hearing, the trial court noted, "But for [Salinas] walking across the street, slamming her hand on the hood of the car, that man would probably still be alive." Later, after the evidence and

6

arguments were presented at the sentencing hearing, the trial court commented to Salinas:

> But for you responding to Mr. Mundo coming too close to you in the crosswalk, he would be alive today. There is a dead man out there. You are not charged with that because I think it is reasonable that you didn't know that Quentin was going to pull a butterfly knife and stab him in the femoral artery of his leg or his hip, but the man is dead.

The trial court also told Salinas that despite the fact that a man was dead and that she had participated in two separate aggravated robberies, "I didn't see any remorse either. I saw attitude. I saw obfuscation that you weren't telling the truth or you were avoiding telling the truth. I don't see you taking any responsibility for this."

Salinas argues the trial court's comments about Mundo's death show the trial court considered her criminally responsible for it. We disagree. The trial court's comments indicate that it considered Salinas responsible for initiating the assault that led to Mundo's death, but they also make clear that the trial court understood Salinas was not charged with Mundo's death and, indeed, "th[ought] it is reasonable [Salinas] didn't know Quentin was going to . . . stab" Mundo during the altercation. The fact that Mundo died was clearly a "circumstance of the offense with which [Salinas] was charged" and thus is precisely the type of information the statute states should be included in a PSI, and which a trial court may consider in assessing punishment. *See* TEX CODE CRIM. PROC. ANN. art. 42.12

7

§ 9(a) (PSI to include "circumstances of the offense with which the defendant is charged"); TEX CODE CRIM. PROC. ANN. art. 37.07 §3(a)(1), (d) (trial court or jury may consider "circumstances of the offense for which [defendant] is being tried" and trial court may consider PSI in assessing punishment).

Because the record demonstrates that the trial court understood that Salinas did not inflict the stab wound that killed Mundo and could not otherwise be held criminally responsible for Mundo's death, we reject Salinas's contention that the trial court held her criminally responsible for it. The record demonstrates a causal and close temporal connection between Salinas's assault on Mundo and the fatal stabbing by her armed companion, and thus Mundo's death is a "circumstance" of the offense that properly may have been considered by the trial court. Accordingly, we hold that the trial court did not violate Salinas's due process rights by considering the fact that Mundo died shortly after Salinas assaulted him in assessing her punishment. *Cf. Smith*, 227 S.W.3d at 764 (record was ambiguous about whether appellant caused extraneous injuries and whether trial court incorporated unsupported assertion that appellant caused those injuries into its punishment calculus).

We overrule Salinas's sole issue.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Publish.   TEX. R. APP. P. 47.2(b).